UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIN DAWN BLANKENSHIP, ET AL.,

       Plaintiffs,

v.

RICK SNYDER, ET AL.,

       Defendants.

_____/

Case No. 14-12221

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [30]**

Plaintiffs—two married women suing on behalf of themselves and their children—allege that Defendants have violated the Fourteenth Amendment by denying state recognition to their marriage, which was validly performed and licensed in New York.  Suing under 42 U.S.C. § 1983, Plaintiffs challenge provisions of Art. 1, § 25 of the Michigan Constitution (the "Michigan Marriage Amendment") as well as 1996 statutes concerning marriage, Michigan Compiled Laws §§ 551.271(2), 551.272.  Plaintiffs request the following relief: (1) a declaratory judgment declaring that the out-of-state marital nonrecognition provisions of the Michigan Marriage Amendment and the 1996 statutes violate Plaintiffs' rights under the Equal Protection and Due Process Clauses of the

1

Fourteenth Amendment; (2) an injunction preventing Defendants, in their official capacities, "from attempting to block state and local governmental recognition of existing, valid marriages between same-sex couples performed in other jurisdictions;" and (3) an award of attorney fees and costs under 42 U.S.C. § 1988.

On February 10, 2015, the Court entered an Order [Dkt. #28] staying this case pending the Supreme Court's decision on appeal from *DeBoer v. Snyder*, 772 F.3d 388 (6th Cir. 2014). On June 26, 2015, the Supreme Court rendered that decision. *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). The Supreme Court held the Michigan laws challenged by the *DeBoer* plaintiffs invalid "to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples." *Id.* at 2605. The Supreme Court also held that "there is no lawful basis for a State to refuse to recognize a lawful same-sex marriage performed in another State on the ground of its same-sex character." *Id.* at 2608.

On July 16, 2015, this Court issued an Order [29] lifting the stay on this case. On August 13, 2015, Defendants Shuette and Snyder filed a Motion to Dismiss [30], arguing that *Obergefell* has rendered Plaintiffs' claims moot. Plaintiffs filed a Response [31] on August 13, 2015, and Defendants Shuette and Snyder filed a Reply [32] on August 27, 2015. On August 28, 2015, Defendants

Bauer and Gleason filed a Notice [33] of their concurrence in the arguments presented by Defendants Shuette and Snyder.

The Court will dismiss Plaintiffs' claims as moot.  Plaintiffs do not deny that the Supreme Court's decision in *Obergefell* granted a substantial part of the relief they request: the invalidation of the Michigan Marriage Amendment.  Plaintiffs suggest, however, that *Obergefell* did not grant another part of their requested relief: the invalidation of the 1996 statutory provisions.  The Court declines to parse the language and procedural history of *Obergefell* and *DeBoer* to determine if the 1996 statutory provisions have technically been *declared* invalid.  Those provisions are obviously invalid under *Obergefell*, and Plaintiffs concede that they are currently unenforced.  Further, as mentioned, the Supreme Court held that "there is no lawful basis for a State to refuse to recognize a lawful same-sex marriage performed in another State on the ground of its same-sex character."  *Id.* This is an unequivocal, binding pronouncement that Defendants violated Plaintiffs' constitutional rights by denying recognition to their marriage.  Thus, even without any intervention by this Court, there is no reasonable chance that Defendants will again deny recognition to Plaintiffs' marriage.[1]

---

[1] Plaintiffs argue that Defendants cannot be expected to comply with the mandate of *Obergefell* because the Michigan legislature, with Defendants' "full support," recently enacted a law intended to permit child-placing agencies to discriminate,

In sum, the declaratory and injunctive relief sought by Plaintiffs would have no effect on Defendants' behavior toward Plaintiffs.  Entry of the requested relief would therefore not render Plaintiffs "prevailing parties" entitled to attorney fees under 42 U.S.C. § 1988.  *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988).  Because Plaintiffs can gain nothing from further proceedings on their claims, the Court will dismiss them as moot.  *See, e.g.*, 13B CHARLES A. WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3533.1 (3d ed.) ("The core of both Article III and remedial  [mootness] doctrines … is a search for the possibility that granting a present determination of the issues offered, and perhaps the entry of more specific orders, will have some effect in the real world.").  Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [30] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow

Dated:  October 22, 2015                    Senior United States District Judge

---

on purported religious grounds, against same-sex couples seeking to adopt.  The legality of enforcing this law, however, is beyond the scope of *Obergefell*'s mandate and the scope of Plaintiffs' complaint.